UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

DAVID OPPENHEIMER

v.

PAMAL BROADCASTING, LTD.

Civil Action

**COMPLAINT**
**AND CLAIM FOR TRIAL BY JURY**

This Action is brought under the Copyright Laws of the United States as amended, 17 U.S.Code §§ 101 et seq., to redress the infringement of three copyrighted photographs, and under 17 U.S.Code §§ 1201-1203, to redress the removal of the copyright management information from said photographs. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1338(a) and proper venue exists under 28 U.S.C. §1400(a).

1. Plaintiff, DAVID OPPENHEIMER, is a professional photographer with a mailing address of P.O. Box 8105, Asheville, North Carolina 28814. Oppenheimer often licenses his photographs through Performance Impressions, LLC, a limited liability company duly organized under the laws of North Carolina. Oppenheimer is the sole manager of Performance Impressions, LLC.

2. Defendant, Pamal Broadcasting, Ltd. (hereinafter, "Pamal"), is a corporation duly organized under the laws of the State of New York. At all times material hereto, Pamal operated and continues to operate several radio stations in the United States, including WXPK-FM, 107.1, which is located in or around Beacon, New York ("WXPK-FM").

3. At all times material hereto, Pamal owned and/or operated a radio station in Massachusetts and it was registered with the Massachusetts Secretary of State to conduct business within the Commonwealth as a foreign corporation.

4. In 2005 and in 2009, Oppenheimer photographed well-known musician, Phil Lesh ("Lesh"). Lesh was one of the original members of the musical group known as the "Grateful Dead."

5. Pamal used three photographs of Lesh that were taken by Oppenheimer. Copies of the three (3) photographs of Lesh (the "Photographs") are attached hereto as Exhibits A, B and C, and are incorporated herein by reference.

6. The Photograph shown in Exhibit A was registered with the U.S. Copyright Office under Registration Number VA 1-762-825, effective January 20, 2011. A copy of the Certificate of Registration is attached as Exhibit D and is incorporated herein by reference.

7. The Photographs shown in Exhibits B and C were registered with the U.S. Copyright Office under Registration Number VA 1-778-968, effective April 2, 2010. A copy of the Certificate of Registration for said Photographs is attached as Exhibit E and is incorporated herein by reference.

8. Oppenheimer is the author and owner of all rights to the Photographs including the copyrights thereto.

Count I

9. Pamal used the three (3) Photographs of Lesh without permission or authority from Oppenheimer for promotional purposes in October 2012. The Photographs were used in connection with a contest for Phil Lesh concert tickets that Pamal was running on one or more of

its radio stations.  A copy of the Photographs as they appeared on Pamal's website for radio station WXPK-FM is attached hereto as Exhibit F and is incorporated herein by reference.

10. Pamal's use of the Photographs without permission or authority is a violation of Oppenheimer's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et seq., and as a result, Oppenheimer has been damaged and he is entitled to his damages.

## Count II

11. Plaintiff realleges Paragraphs 1 through 8 hereof as if said paragraphs had been repeated herein in their entirety.

12. The three (3) Photographs of Lesh were published by Oppenheimer on his website with Copyright Management Information, as such term is defined in the Copyright Act, 17 U.S.C. § 1202(c), as an integral part of each Photograph.  The Copyright Management Information was included on the lower right side of each of the Photographs and consisted of the copyright symbol, the year each of the Photographs was first published, and the names, "David Oppenheimer" and "Performance Impressions."

13. Pamal intentionally removed or cropped the Copyright Management Information from each of the Photographs and used the Photographs without permission or authority from Oppenheimer for promotional purposes in October 2012, in connection with a contest for Phil Lesh concert tickets that it was running on WXPK-FM.

14. Pamal's removal of the Copyright Management Information from each of the Photographs and its subsequent use and publication of the Photographs without said information is a violation of Oppenheimer's rights under Title 17 United States Code § 1202.  As a result of Pamal's conduct, Oppenheimer's rights have been violated for which Oppenheimer is entitled to his damages under 17 U.S.C. § 1203(c).

WHEREFORE, Plaintiff, DAVID OPPENHEIMER demands judgment against Defendant, PAMAL BROADCASTING, LTD., as follows:

a) That Pamal be required to deliver up for impoundment the original and all copies of the Photograph in all forms whatsoever, which are in Pamal's possession or under its control, including all printed copies and all copies in magnetic, electronic and digital format, as well as all copies on Pamal's website, http:// www.1071thepeak.com, as well as any other websites that Pamal owns or controls, and that Pamal be permanently enjoined from using the Photographs in any way whatsoever.

b) That Pamal be required to pay to Oppenheimer such actual damages as they have sustained in consequence of Pamal's use and infringement of Oppenheimer's copyright and to account for all gains, profits and advantages derived by Pamal from its use and infringement of Oppenheimer's Photograph;

c) In lieu of Oppenheimer's actual damages and Pamal's profits, that Pamal be required to pay to Oppenheimer such Statutory Damages as to the Court shall appear just within the provisions of the Copyright Act in a sum not less than $750 nor more than $30,000 per Photograph, or if the Court finds that the infringement was committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Copyright Act in a sum up to and including $150,000 per Photograph;

d) That Pamal be required to pay Oppenheimer such actual damages as Oppenheimer has sustained as a result of Pamal's violation of Title 17 United States Code § 1202, and that Pamal account to Oppenheimer for all gains, profits and advantages derived by Pamal from such violation;

e) In lieu of Oppenheimer's actual damages and Pamal's profits for violation of Title 17 United States Code §§ 1201 through 1203, if the court finds that Pamal removed Oppenheimer's

Copyright Management Information in violation of said statutes, that Pamal be required to pay to Oppenheimer such Statutory Damages as to the Court shall appear just within the provisions of Title 17 United States Code § 1203(c)(3)(B) in a sum not less than $2,500 or more than $25,000 per Photograph;

  f) That Pamal pay Oppenheimer's costs together with reasonable attorney's fees in an amount to be determined by this Court;

  g) That Oppenheimer have such other and further relief as is deemed to be just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY**

        DAVID OPPENHEIMER
        By his attorney,

        */s Andrew D. Epstein*
        _____
        Andrew D. Epstein, Esquire
        BBO #155-140
        Barker, Epstein & Loscocco
        Boston, Massachusetts 02110
        (617) 482-4900
        Fax: (617) 426-5251
        Photolaw@aol.com

Dated:  October 7, 2015